CA 06 391

243
(Rev. 6/82)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: District of Rhode Island | |
|---|---|---|
| Name of Movant: Richard Gambaro | Prisoner No.: 05090-070 | Docket No.: 01-00079-01 (ML) |

Place of Confinement: FCI Fairton, P.O. Box 420, Fairton, New Jersey 08320

(include name upon which convicted)

UNITED STATES OF AMERICA V. Richard Gambaro

(full name of movant)

MOTION

1. Name and location of court which entered the judgment of conviction under attack United States District Court for the District of Rhode Island

2. Date of judgment of conviction July 2, 2002

3. Length of sentence 151 Months imprisonment

4. Nature of offense involved (all counts) Possession with intent to distribute 53 grams of crack cocaine, in violation of 21 U.S.C. § 841.

**ORIGINAL**

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty X
   (c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

N/A

FILED IN CLERKS OFFICE
US COURT OF APPEALS
FOR THE FIRST CIRCUIT
2006 AUG 28 P 3:23

6. Kind of trial: (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

O 243
EV 6/82

9. If you did appeal, answer the following:

(a) Name of court U.S. Court of Appeals, for the First Circuit

(b) Result Conviction/Sentence Affirmed

(c) Date of result September 22, 2005

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result N/A

(6) Date of result N/A

(b) As to any second petition, application or motion give the same information:

(1) Name of court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

243
V 6/82

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result N/A

(6) Date of result N/A

(c) As to any third petition, application or motion, give the same information:

(1) Name of court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result N/A

(6) Date of Result N/A

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐
(3) Third petition, etc. Yes ☐ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243
Rev. 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Counsel was ineffective in failing to request psychiatric examination in support of motion for a downward departure.

Supporting FACTS (tell your story *briefly* without citing cases or law):

**See Attached Memorandum of Law, page 6**

B. Ground two: Counsel was ineffective in failing to challenge Petitioner's sentence upon Constitutional and other grounds.

Supporting FACTS (tell your story *briefly* without citing cases or law):

**See Attached Memorandum of Law, page 10,**

C. Ground three: Counsel was ineffective for failing to argue on direct appeal that the Booker errors in his case were structural errors.

Supporting FACTS (tell your story *briefly* without citing cases or law):

**See Attached Memorandum of Law, page 13.**

AO 3
RE /82

D. Ground four: **N/A**

Supporting FACTS (tell your story *briefly* without citing cases or law):

N/A

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

Ineffective claims were not previously raised because the same attorney represented Petitioner on his direct appeal, and thus, cognizable in a collateral attack.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing David Silverman, Esq., 11 South Angell Street, Providence, R.I. 02906

(b) At arraignment and plea Same As Above

(c) At trial N/A

(d) At sentencing Same As Above

O 243
EV 6/82

(e) On appeal Same As Above

(f) In any post-conviction proceeding N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:

N/A

(b) Give date and length of the above sentence: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐ N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

8/15/06
(date)

Richard Gambaro
Signature of Movant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD GAMBARO, Petitioner | |
| -V- | CIVIL NO.: |
| | CRIMINAL NO.: 01-00079-01(ML) |
| UNITED STATES OF AMERICA, Respondent | |

**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION**
**PURSUANT TO 28 U.S.C. § 2255**

COMES NOW, the Petitioner Richard Gambaro, proceeding pro se, and hereby respectfully submits his Memorandum of Law in Support of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. As set forth below, Petitioner's sentence was secured/imposed in violation of his Constitutional Rights, and therefore must be vacated:

**STATEMENT OF JURISDICTION**

Title 28 U.S.C. § 2255 provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

## BACKGROUND

Richard Gambaro (hereinafter referred to as "Petitioner") was born on November 23, 1979, and had an extremely hard upbringing.

Petitioner was essentially raised by his mother who had no education, was dominated and physically abused by an absentee husband, and did not have herself sufficiently together to see to the educational and behavioral needs of her children.

Petitioner was himself subject of repeated and frequent abuse. He was the least favored child of his father and was, therefore, the child most disfavored in terms of physical beatings. These beating took place between the ages of 7 and 15, approximately. His father took no role in Petitioner's upbringing other than perceived disciplinarian.

Petitioner was a special education student with a learning disability, conduct disorder, and mental retardation, which was classified as mild to moderate. His WISCR Full Scale test in November, 1992 was 45 while he functioned higher than the test score would indicate. From an early age, first grade, there developed a pattern of lack of school attendance as is shown by school records, a serious lack of attendance. By the end of his involvement with the Providence School System, he was in all special education classes in 1991-1992, ages 12 & 13. Thereafter, Petitioner spent nearly two years at Camp E-Huntee leaving when nearly 15 years of age with a language achievement test scores on the level of approximately a 7 year old first grader and mathematics on the level of approximately an year old fifth grader.

Petitioner's diminished capacity is reflected in the records from Providence School Department and Camp E-Huntee respectively. The Providence Center evaluation done when Petitioner was 13 years old shows, without priority of importance, the following points, opinions, and findings:

1) genuine puzzlement by questions probing motivation for his actions and lacking insight;

2) full scale IQ of 45 although questionably low;

3) little ability to anticipate consequences of his actions;

4) wants to be accepted by others and, therefore, is prone to the influence of a negative peer group;

5) emotionally immature and limited in his understanding of his own behavior;

6) low cognitive functioning significantly impairs his ability to strategize behavior changes as a result of past mistakes;

7) capacity for reflection appears limited;

8) significant intellectual limitations; and

9) no significant signs of aggression or violence.

Camp E-Huntee's recods reflects that there was concern for the Petitioner in that Petitioner's tendency was to try to fit in with the "most popular" peer group and that Petitioner would respond to the negative influence in his community. Petitioner's community when he left Camp E-Huntee was Clown Town on the south side of Providence, an area of frequent drug dealings and violence.

As he had prior to Camp E-Huntee, Petitioner responded to the negative influences. Within 6 months of leaving Camp E-Huntee, Petitioner had stopped going to school and, thereafter, at ages 16 and 17 had Family Court involvement relating to drugs which resulted in his serving time at the Rhode Island Training School for approximately one year.

Petitioner, during his short adult years, between November, 1997 and May, 2001, was incarcerated for approximately 16 months on a variety of charges: drugs, suspended license, trespassing, and other misdemeanors. He was unemployed. His involvement as a juvenile was that of having been exploited by older individuals, in some cases, very much older. Starting as a juvenile, and continuing on into his early adult years, Petitioner was essentially a holder, gopher, small amount stander on the the street dealing bags of drugs for other merely in order to be accepted by his older "peers."

In sum, Petitioner is in many ways still a juvenile. His immaturity and significantly reduced mental capacity, which obviously resulted in his inability to learn or develop a career job skill, made it possible and easy for others to take advantage of Petitioner, and in all likelihood, resulted in Petitioner committing his past and instant offense(s).

**STATEMENT OF THE CASE**

On August 8, 2001, Petitioner was indicted on two counts of distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (d)(1)(B)..

On January 22, 2002, Petitioner pled guilty to both counts of the indictment before the Honorable Judge Lisi. Then on July 2, 2002, Petitioner was sentenced to 151 months concurrent on each count of the indictment with five years supervised release with mandaotry and special condition and two special assessments. And on July 12, 2002, Petitioner filed a timely notice of appeal. By an Order with accompanying Memorandum of Opinion, dated September 22, 2005, Petitioner's judgment was affirmed.

**STANDARD OF REVIEW**

1) Petitioner is a layman of law and therefore his petition should be construed liberally or held to less stringent standards than formal pleadings drafted by a lawyer. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2) In the context of an ineffective assistance of counsel claim, the United States Supreme Court articulated the standard necessary for finding of ineffective assistance of counsel in the familiar decision Strickland. v. Washington, 466 U.S. 668 (1984). In short, the Court in Strickland held that in order to establish a constitutional violation of the right to effective assistance of counsel, a petitioner must meet two prongs. First, he must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as

"counsel" guaranteed a defendant by the Sixth Amendment. This prong is met by a showing that counsel's acts and omissions did not meet an objective standard of reasonableness. Second, a petitioner must show that he was prejudice by counsel's deficient performance. The second prong of the test is met by showing the existence of a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694.

## ARGUMENT

**POINT I: COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST PSYCHIATRIC EXAMINATION IN SUPPORT OF A DOWNWARD DEPARTURE MOTION PURSUANT TO U.S.S.G. §§ 5K2.0 & 5K2.13.**

Petitioner respectfully submit that his court-appointed attorney (hereinafter refer to as "counsel") was constitutionally ineffective for failing to request the Court to order a psychiatric examination in support of a motion for a downward departure pursuant to the United States Sentencing Guidelines ("U.S.S.G.) Sections 5K2.0 and 5K2.13. Consequently, Petitioner's sentence is constitutionally infirm, and therefore, must be vacated.

**THE FACTS:**

The factual basis for this argument is quites simple, as it is clear beyond peradventure, from the Pre-Sentencing Report, and the records from Providence School Department and Camp E-Huntee, that a good reason exist to request a psychiatric examination in the instant case.

However, despite of the fact that good reason existed for counsel to request a court-ordered psychiatric examination in support of a motion for a downward departure under U.S.S.G. §§ 5K2.0 and/or 5K2.13, counsel neglected to do so, which rendered his performance constitutionally ineffective, and rendered the proceeding fundamentally unfair and unreliable. Consequently, Petitioner's sentence must be vacated, or at the very least, Petitioner should be afforded a psychiatric examination and an evidentiary hearing.

**THE APPLICABLE LAW:**

The applicable law is equally as simple. As counsel knew or should have known that Title 18, United States Code, section 3553(a) requires, as a matter of law, that the district courts impose a sentence sufficient but not greater than necessary, to meet the four purposes of sentencing set forth in subsection (a)(2): retribution, deterrence, incapacitation and rehabilitation. To that end, the Sentencing Guidelines provide that a sentencing court may depart from the applicable sentencing guideline range if it finds "that there exists [a] ... mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0.

**Authority to Depart**

Counsel also knew or should have known that the United State Supreme Court has held that a downward departure can be based upon any

factor or combination of factors that distinguishes a case from the ordinary case, except those factors specifically prohibited from consideration by the Commission. See Koon v. United States, 518 U.S. 81 (1996).

**Mental and Emotional Condition**

While mental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, however, if the condition is extraordinary and males a defendant atypical, then a departure may be warranted under U.S.S.G. § 5K2.0. See United States v. Barton, 76 F.3d 499, 501-502 (2d Cir. 1996) (recognizing authority to depart for "extraordinary mental or emotional condition," but finding facts insufficient to support departure in that particular case); United States v. McMurray, 833 F. Supp. 1454 (D. Neb. 1993) (holding that "Diminished capacity of defendant convicted of conspiracy to distribute cocaine warranted downward departure sentence, where defendant had been hospitalized for 'bipolar disorder'"); and United States v. Cotto, 793 F. Supp. 64 (E.D.N.Y. 1992) (holding that "Defendant's near retardation, his vulnerability, his efforts at rehabilitaion, and his incompetence as reflected in the execution of the crime warranted a four level downward departure under the Sentencing Guidelines.")

**Totality of the Circumstances**

In the sentencing guidelines, section 5K2.0's commentary makes a specific allowance for a totality of circumstances departure. Accordingly, the Sentencing Commission will not:

> foreclose the possibility of an extraordinary case that, because of a combination of such characteristics or circumstances, differs significantly from the 'heartland' cases covered by the guidelines in a way that is important to the statutory purposes of sentencing, even though none of the characteristics or circumstances individually distinguishes the case. However, the Commission believes that such case will be extremely rare."

U.S.S.G. § 5K2.0, Commentary.

Although counsel in the instant case moved for a downward departure pursuant to both § 5K2.0 and § 5K2.13, counsel failed, however, to substantiate or present any evidence whatsoever to the effect that Petitioner's diminished capacity contributed to Petitioner committing the instant offense. Counsel's failure to do so rendered the proceeding fundamentally unfair and unreliable, and thus, his performance was constitutionally ineffective. Consequently, Petitioner's sentence must be vacated, or at the very least, Petitioner should be afforded an evidentiary hearing.

**POINT II:** **COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE PETITIONER'S SENTENCE UPON THE GROUND THAT THE SENTENCE IMPOSED VIOLATED THE ICERD TREATY AND THE FIFTH AND EIGHT AMENDMENTS OF THE UNITED STATES CONSTITUTION**

Petitioner respectfully submits that his court-appointed counsel was constitutionally ineffective for failing, inter alia, to challenge Petitioner's sentence upon the ground that the "radical disparity" between crack and powder cocaine sentences is both "arbitrary and discriminatory," and thus, violates the terms of the International Convention on the Elimination of all forms of Racial Discrimination. ("ICERD")

Additionally, counsel was ineffective for failing to challenge Petitioner's sentence upon the ground that the extremely significant racial disparity between crack and powder sentencing violates the Fifth and Eight Amendments of the United States Constitution, which provisions prohibits: (1) all forms of racial discrimination, and (2) all forms of cruel and unusual punishment.

The basis of this argument is that the disparity in sentences involving crack and powder cocaine is not only discriminatory, but is also irrational and has an unjustifiable harsh impact on black or hispanic defendants. Whereas Blacks/Hispanics comprise between 80 % and 90 % of federal crack defendants, compared to just 20 % to 30 % of powder cocaine offenders. This is so despite the fact that statistics suggest that the majority of crack users are white.

The different penalties for crack and powder cocaine is not only discriminatory and irrational, but is also contrary to the Sentencing Reform Act's primary goal, which was to decrease the disparity between the sentences of blacks/hispanics and whites. Notably, before the sentencing guidelines took effect, white federal defendants received an average sentence of 51 months and blacks an average of 55 months. After the guidelines took effect, the average sentence for whites dropped to 50 months, but the average sentence for blacks increased to 71 months. (U.S. Department of Justice Statistics Report).

Equally noteworthy and supportive of Petitioner's contention that the sentence imposed violated the ICERD's Treaty, is the recent article published by The American Constitution Society for Law and Policy, by Howard University Law Porfessor Nkechi Taifa. This article reviewed the requirements of racial neutrality in laws imposed by the International Convention on the Elimination of all Forms of Racial Discrimination ("ICERD"), which the United Syayes is a member of, and thus, is bound by its requirements.

The article cites a particulary relevant passage from the ICERD's treaty, which provides in pertinent part:

> Each state party shall take effective measures to review governmental, national and local policies, and to amend rescind or nulify laws and regulations which have the effect of creating or perpetuating racial discrimination wherever it exists.

Infact, post United States v. Booker, 543 U.S. 220 (2005) (rendering the guidelines advisory), a number of courts have invoked their discretion to end this 100: to 1 disparity. See United States v. Hamilton, (M.D. Fla. No. 6-05-CR-157, 03/16/06), where the Court found that the "radical disparity" between crack and powder cocaine sentences is both "arbitrary and discriminatory." Moreover, the Court wrote, the "absence of a logical rationale for such a disparity and its disproportionate impact on one historically disfavored race, promotes disrespect for the law and suggests that the resulting sentences are unjust.

In sum, the weight of authority compels the conclusion that Title 18 U.S.C. § 3553 reasonableness factors weigh heavily against the continuing use of this disparity. See United States v. Perry, 389 F. Supp.2d 278 (D.R.I. 2005) (citing collecting cases). It therefore follows that counsel in the instant case knew or should have known to to raise the above mentioned arugument, especially so, on Petitioner's direct appeal. Counsel failure to do so rendered his performance constitutionally ineffective, and rendered the proceeding unfair and fundamentally unreliable. Consequently, Petitioner's sentence must be vacated.

**POINT III: COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE ON DIRECT APPEAL AND/OR IN A PETITION FOR WRIT OF CERTIORARI, THAT THE BOOKER ERRORS IN HIS CASE WERE STRUCTURAL ERRORS, AND THUS, REQUIRED AUTOMATIC REVERSAL OF HIS SENTENCE.**

Petitioner respectfully submits that counsel was constitutionally ineffective for failing to argue on direct appeal, and/or in a petition for writ of certiorari, that the Sixth Amendment Constitutional errors in his case were structural errors, and thus, required automatic reversal of his sentence.

The basis of this argument is that counsel in the instant case knew or should have known that the harmless error review of Petitioner's claim of constitutional errors, pursuant to the recent Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), were inappropriate for two reasons. First, it would violates the Sixth Amendment and eviscerate Booker itself - by permitting appellate judges to make factual findings that resulted in convictions for more serious crimes than the underlying jury verdicts, and/or, the offenses for which defendants pled guilty to. While appellate courts may make findings concerning omitted or misdescribed elements to sustain juries' verdicts, they may not make findings that subject defendants to new and greater punishment than the jury verdicts do, or defendants pled guilty to. Indeed, the Supreme Court itself noted in Neder v. United States, 527 U.S. 1 (1999), that harmless-error analysis does not apply to directed verdicts. Second, applying harmless-error review would contravene the Supreme Court's "structural" error jurisprudence. Booker errors permeates a trial in a

way that mere instructional errors does not. The greater crime at issue is never charged or pled to and is not properly subjected to the adversarial process. Consequently, the error is not merely in "the presentation of the case to the jury" and therefore cannot "be quantitatively assessed in the context of the other evidence presented." Sullivan, 508 U.S. at 281.

**CONCLUSION**

WHEREFORE, PREMISES CONSIDER, Petitioner prays that this Honorable Court will grant Petitioner's § 2255 motion, or at the bare minimum, afford Petitioner an evidentiary hearing.

Dated: this 15 day of August 06

Respectfully submitted,

Richard Gambaro

Richard Gambaro, pro se
Reg. 05090-070
F.C.I. Fairton
P.O. Box 420
Fairton, New Jersey 08320