IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD GAMBARO | ) | |
| | ) | |
| vs. | ) | C.A. No. 06-391ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by and through its Attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, First Assistant U. S. Attorney, and objects to the Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255 for those reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
First Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5002 (fax)
kenneth.madden@usdoj.gov
R. I. Bar # 1680

## CERTIFICATION

I hereby certify that on the 23rd day of October, 2006, I electronically filed and served by ordinary mail, postage pre-paid, the Within Government's Objection To Petitioner's Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255 to:

Richard Gambaro
No. 05090-070
FCI Fairton
P. O. Box 420
Fairton, N. J. 08320

/s/ Kenneth P. Madden
Kenneth P. Madden
First Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5002 (fax)
kenneth.madden@usdoj.gov
R. I. Bar # 1680

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD GAMBARO | ) | |
| | ) | |
| vs. | ) | C.A. No. 06-391ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Introduction

Petitioner Richard Gambaro (Gambaro) files this motion pursuant to 28 U.S.C. § 2255 raising several claims, all based upon a claim of ineffective assistance of counsel. First, Gambaro argues counsel should have moved for a psychiatric examination of Gambaro to support his motion for a downward departure. Second, he contends that his counsel should have argued that his sentence, viewed in the light of the sentencing disparity between powder cocaine and crack cocaine, violated the Fifth and Eighth Amendments to the Constitution. Third, he argues that counsel should have raised a Sixth Amendment Booker claim on direct appeal or in a petition for a writ of certiorari. See, United States v. Booker, 125 S.Ct. 738 (2005)

Travel

On August 8, 2001, a federal grand jury in the District of Rhode Island returned a

two-count indictment against Gambaro charging that he distributed 26.2 grams of cocaine base on April 26, 2001 and that he distributed 26.8 grams of cocaine base on May 10, 2001. The two cocaine sales were controlled deliveries and both were videotaped.

Gambaro pled guilty to both counts on January 22, 2002 pursuant to a written plea agreement. Gambaro admitted the specific crack cocaine amounts and acknowledged that the government could prove those facts beyond a reasonable doubt. The government agreed to recommend a low-end guidelines term of imprisonment or the mandatory minimum term of imprisonment, whichever was greater. The government also agreed to recommend a reduction for acceptance of responsibility. The government further agreed not to file a sentencing enhancement information pursuant to 21 U.S.C. § 851. There was no waiver of appeal by Gambaro and no restrictions on the sentence Gambaro could recommend to the Court.

The Presentence Report calculated Gambaro's sentence as follows. Under USSG § 2D1.1(c)(4), his base offense level was 32. With a three-level reduction for acceptance of responsibility, the total offense level was 29. (PSR ¶¶ 18-26) Gambaro's 23 criminal history points placed him in Criminal History Category VI. (PSR ¶ 47) His criminal history indicated two adult drug trafficking convictions, PSR ¶¶ 40 and 46, and one felony drug possession conviction, PSR ¶ 38. The guideline sentencing range was 151-188 months of imprisonment. (PSR ¶ 61) There were no objections to the PSR prior to sentencing.

On or about June 5, 2002, Gambaro filed a written motion for downward departure. The government responded on June 28, 2002. Gambaro argued that over-representation of criminal history, diminished capacity, post-offense rehabilitation, and a combination of all factors justified a downward departure. Gambaro supplied affidavits and records from the Providence School

Department, Camp E-Hun-Tee, Eckerd Family Youth Alternatives, the Providence Center Counseling and Psychiatric Services, and South County Child and Family Consultants. Sentencing was held on July 2, 2002. The Court denied the downward departure motion . (7/2/02, pp. 17-23) The Court sentenced Gambaro to 151 months in prison, five years supervised release with conditions of substance abuse treatment and the costs of supervision, and a $200 special assessment.

Gambaro appealed, raising as issues 1) the number and the timing of drug tests to be administered during supervision; 2) the failure of the Court to specifically announce at sentencing the standard conditions of supervision; 3) the inclusion of the costs of supervision as a fine; and 4) a claim under United States v. Booker, 125 S. Ct. 738 (2005). In an unpublished per curiam decision, the First Circuit summarily affirmed the District Court on September 22, 2005. Gambaro elected not to file a petition for a writ of certiorari.

Ineffective Assistance Of Counsel

The two-part test for evaluating ineffective assistance of counsel claims was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-688 (1984). A defendant must show both: 1) that his attorney's performance fell below an objective standard of reasonableness; and 2) that he was prejudiced as a result of his attorney's deficient performance. Id.; Mathews v. Rakiey, 54 F.3d 908, 916 (1st Cir. 1995); Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994); United States v. Caggiano, 899 F.2d 99, 101 (1st Cir. 1990). The defendant's burden is by the preponderance of the evidence.

With regard to the first element, "[c]ounsel's judgment is subject to highly deferential review." United States v. Gomes, 177 F.3d 76, 83 (1st Cir. 1999). "A fair assessment of attorney

performance requires that every effort be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. The defendant must establish that counsel's performance was not within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir. 1994). The Court should indulge a "'strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.'" Singleton, 26 F.3d at 238 (quoting Strickland, 466 U.S. at 689); See also Scarpa, 38 F.3d at 8.

Prejudice exists when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Gonzalez-Soberal v. United States, 244 F.3d 273 (1st Cir. 2001). "[T]here is prejudice only if defendant establishes that he would probably have been acquitted absent counsel's mistakes." Gomes, 177 F.3d at 83. Moreover, even if a defendant is able to show that counsel's error affected the outcome of his case, he is not necessarily entitled to reversal. The Supreme Court has made clear that a prejudice analysis "focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). A court should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." Id. at 369-70. Rather, reversal is warranted only if a court also concludes that the result of the trial was "fundamentally unfair or unreliable." Id. at 369; accord Tejeda v. DuBois, 142 F.3d 18, 22 (1st Cir. 1998); Carey v. United States, 50 F.3d 1097, 1101 (1st Cir. 1995); Scarpa, 38 F.3d at 16; Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993).

Counsel need not jump through every conceivable hoop, nor engage in futile exercise, in order to be considered effective. Singleton, 26 F.3d at 239; United States v. Cronic, 466 U.S. 648, 656 n. 19 (1984).

Argument

a. The Failure To Request A Psychiatric Examination

Gambaro fails both prongs of the ineffective assistance of counsel test. Contrary to Gambaro's claim, there was nothing to alert a reasonably competent counsel that a psychiatric examination would have advanced Gambaro's ability to secure a downward departure.

At the change of plea, Gambaro did advise the Court that he had difficulty reading English, had a learning disability, and had a drug abuse problem. (1/22/2002 at 4-7) Yet, he had no difficulty during the change of plea proceedings and responded appropriately to the Court's questions.

The records provided by defendant's counsel in support of a downward departure motion established, among other things, that Gambaro had problems in school, had a low self-esteem, and a low IQ.

The PSR documented substance abuse beginning at age 13 as well as drug counseling. (PSR ¶ 56) The report documented a man who left school in the ninth grade and had a learning disability. (PSR ¶ 57) However, under the section entitled Mental and Emotional Health, the probation officer wrote:

> The defendant denied any history of mental health problems. Mr.

> Gambaro elaborated that he has never been in mental health treatment or counseling, is not currently suicidal, nor has he ever attempted suicide. He did offer that he is depressed over his incarceration and upbringing; however, he would never harm himself as a result of those feelings. Finally, the defendant was oriented to time and place during the presentence interview and answered all questions in an appropriate fashion. The Probation Office was unable to uncover any information that contradicted the defendant's account of his mental health history.

(PSR ¶ 55) Further, in his letter of acceptance, Gambaro wrote: "No one forced me to do these things I did because I needed the money. I have had a serious drug problem myself since I was approximately 13 years old. I feel sometimes I was put here to suffer but I know that I did the things and it isn't bad luck or poor schooling. I don't think without getting caught that I would have stopped. I am grateful that I never got into a situation of gangs or killings which are real easy to get involved in when you are doing a lot of drugs. I am young and look at trying to put myself back together again for myself and my family." (PSR ¶13)

Counsel for the defendant was well aware that mental and emotional conditions are discouraged downward departure grounds under a sentencing guidelines analysis and must be present to an extraordinary degree in order to justify such a departure. USSG § 5H1.3. Further, counsel was aware that under a guidelines analysis diminished capacity is an encouraged basis for a downward departure, but only if the defendant demonstrates he is suffering from a significantly reduced mental capacity[1] and demonstrates that his diminished capacity contributed to the commission of the instant offenses. USSG § 5K2.13. The guideline directs that the Court

---

[1] "Significantly reduced mental capacity" means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful. USSG § 5K2.13, comment. (n.1).

cannot depart if, among other things, the significantly reduced mental capacity was caused by the voluntary use of drugs or the defendant's criminal history indicates a need to incarcerate the defendant in order to protect the public.

Given Gambaro's own statements at the change of plea hearing, his statements to the Probation Officer during the presentence report interview regarding his mental and emotional condition, and his acceptance of responsibility statement, Gambaro sealed his own fate as it relates to the first prong of the test. Nothing he said would have alerted counsel that a psychiatric examination was warranted. Further, nowhere in his memorandum does Gambaro suggest that while in prison he has been examined by a psychiatrist or even requested a psychiatric examination. He provides nothing to the Court demonstrating a past or present psychiatric condition which would have supported and justified a downward departure. Other than Gambaro's claim, there is nothing to suggest that his counsel was unreasonable in not requesting a psychiatric examination for Gambaro.

With regard to the second prong, Gambaro fails to show that had a psychiatric examination been ordered, the Court would have imposed a lesser sentence upon Gambaro. The Court noted that Gambaro himself stated he sold drugs because he wanted the money, not because of some significantly reduced mental capacity. Further, the Court noted that diminished capacity was not a ground upon which Gambaro could rely because his extensive criminal history indicated incarceration was needed to protect the public. (7/2/2002 at 21) Gambaro simply cannot establish prejudice.

b. <u>Powder Cocaine/Crack Cocaine Disparity</u>

Gambaro claims ineffective assistance of counsel on the ground his counsel failed to argue that his sentence violated the International Convention On The Elimination Of All Forms Of Racial Discrimination and both the Fifth and Eighth Amendments to the United States Constitution.

As noted above, counsel is not required to engage in futile exercises in order to be considered effective. The various Courts of Appeals, including the First Circuit, have rejected racial disparity arguments made on Fifth Amendment constitutional grounds. See, United States v. Lewis, 40 F.3d 1325, 1344-45 (1st Cir. 1994) (no evidence that the Congressional and Sentencing Commission distinction between crack and powder cocaine was motivated by racial animus in violation of the Fifth Amendment's Equal Protection Clause); United States v. Singleterry, 29 F.3d 733, 740-41 (1st Cir. 1994) (same). See also, United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir. 1994) (same); United States v. Angulo-Lopez, 7 F.3d 1506, 1509 (10th Cir. 1993) (same); United States v. Frazier, 981 F.2d 92, 95 (3rd Cir. 1992) (same). Eighth Amendment challenges have also been rejected. United States v. Buchanan, 70 F.3d 818, 829 n. 10 (5th Cir. 1996); United States v. Graciani, 61 F.3d 70, 76 (1st Cir. 1995); Frazier, 981 F.2d at 95-96. Gambaro offers nothing new which should cause this Court to travel a different path.

With regard to the International Convention On The Elimination Of All Forms Of Racial Discrimination, Gambaro does no more than cite to the Convention. He fails to define its terms and parameters. He claims the United States is a member of the Convention. Yet he fails to provide the Court with details such as when the United States Congress may have ratified the Convention, and if it did, was it ratified without reservation or only to the extent the Convention is not inconsistent with the Constitution and laws of the United States. In other words, he fails to

demonstrate that the Convention "trumps" the provisions of the United States Constitution. He fails to explain how its terms might apply to his case, in particular, how its terms might apply to a sentencing scheme for controlled substances. In short, he wants this Court to do his work for him. His argument is insufficient on its face. He has not satisfied either prong of the ineffective assistance of counsel test.

c. The Booker Claim

Gambaro argues that his appellate counsel[2] "was constitutionally ineffective for failing to argue on direct appeal, and/or in a petition for writ of certiorari, that the Sixth Amendment Constitutional errors in his case were structural errors, and thus, required automatic reversal of his sentence." (Petitioner's Memorandum at 13) Gambaro, however, fails to identify with specificity the Constitutional errors about which he complains. Further, his claim also fails both prongs of the ineffective assistance.

In United States v. Booker, 125 S.Ct. 738 (2005), the Court held that the Sixth Amendment, as construed in Blakely, applies to the sentencing guidelines. The Court reaffirmed the defendant's right to have the jury find the existence of any fact, except a prior conviction, that the law makes essential to a defendant's punishment. The Court noted that the mandatory nature of the guidelines combined with judicial fact-finding implicated the Sixth Amendment. The Court concluded that the guidelines are only advisory in nature.

---

[2] Appellate counsel did not represent Gambaro in the District Court.

The government has previously addressed Gambaro's Sixth Amendment powder cocaine/crack cocaine disparity argument. There was no Constitutional error. Further, Gambaro's counsel raised a Booker error in Gambaro's direct appeal. The First Circuit rejected the argument, noting that it was not reasonably probable that this Court would impose a lower sentence. Further, the Court of Appeals issued an Order dated October 18, 2005 in which it noted that appellate counsel had advised Gambaro that a petition for a writ of certiorari would be frivolous and advising Gambaro that Gambaro could file such a petition pro se, but had to act prior to December 21, 2005. No petition was filed. Finally, Gambaro's guidelines range was determined upon a specific quantity of crack cocaine and his criminal history. The indictment returned against Gambaro to which he pleaded guilty alleged specific amounts of cocaine base in each count - 26.2 grams in Count I and 26.8 grams in Count II. In the plea agreement, Gambaro agreed that the substance involved in his case was cocaine base in the form known as "crack" cocaine with a weight of 53 grams. He agreed the government could prove these facts beyond a reasonable doubt. Plea Agreement ¶ 3 At the change of plea, Gambaro admitted that he sold crack cocaine in the amounts specified and had no disagreement with the facts as recited by the government. (1/22/2002 at 19-22) Gambaro did not challenge the nature and weight of the substance as recited in the PSR. In fact, Gambaro even admitted in his acceptance of responsibility statement that he sold "crack" cocaine. (PSR ¶ 13)

At a bare minimum, Gambaro cannot show prejudice. This claim should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden

Kenneth P. Madden
First Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5002 (fax)
kenneth.madden@usdoj.gov
R. I. Bar # 1680

CERTIFICATION

I hereby certify that on the 23rd day of October, 2006, I electronically filed and served by ordinary mail, postage pre-paid, the Within Government's Memorandum In Support Of It's Objection To Petitioner's Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255 to:

Richard Gambaro
No. 05090-070
FCI Fairton
P. O. Box 420
Fairton, N. J. 08320

/s/ Kenneth P. Madden
Kenneth P. Madden
First Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5002 (fax)
kenneth.madden@usdoj.gov
R. I. Bar # 1680