UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD A. GAMBARO | : | |
| | : | |
| vs. | : | CA 06-391-ML |
| | : | |
| UNITED STATES | : | |

**MEMORANDUM AND ORDER**

Mary M. Lisi, Chief United States District Judge.

Richard A. Gambaro has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255. For the reasons stated below, the motion is denied.

BACKGROUND AND TRAVEL

Gambaro was indicted on two counts of distributing cocaine base in April and May 2001, in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(B). The two cocaine sales were controlled deliveries, and both were videotaped.

Gambaro pled guilty to both counts on January 22, 2002 pursuant to a written plea agreement. In the plea agreement Gambaro admitted the specific crack cocaine amounts and acknowledged that the Government could prove those facts beyond a reasonable doubt. The Government agreed to recommend a sentence at the low end of the Sentencing Guidelines or the mandatory minimum term of imprisonment, whichever was greater, and to recommend a reduction for acceptance of responsibility. The Government further agreed not to file a sentencing enhancement information pursuant to 21 U.S.C. § 851.

The Presentence Report ("PSR") calculated Gambaro's guideline sentencing range to be 151-188 months imprisonment, based on a total offense level of 29 (base level 32 less a three-level reduction for acceptance of responsibility) and a Criminal History Category VI. (See

PSR ¶¶ 18-26, 47.) His criminal history included two adult drug trafficking convictions and one felony drug possession conviction. (PSR ¶ 38, 40, 46.)

Gambaro filed no objections to the PSR prior to sentencing but did file a motion for downward departure on the basis of over-representation of his criminal history, diminished capacity, post-offense rehabilitation and/or a combination of those factors. In support of his motion Gambaro's counsel supplied affidavits and records from the Providence School Department, Camp E-Hun-Tee, Eckerd Family Youth Alternatives, the Providence Center Counseling and Psychiatric Services and South County Child and Family Consultants.

At the sentencing hearing this Court heard and denied the motion for downward departure and sentenced Gambaro to 151 months in prison, followed by five years supervised release.[1] Throughout all plea and sentencing proceedings Gambaro was represented by appointed counsel, Robert D. Watt.

Gambaro timely appealed, represented by different counsel. His appeal challenged various aspects of his sentence, including *inter alia*: (1) challenges relating to the conditions of his supervised release; and (2) a claim under United States v. Booker, 125 S. Ct. 738 (2005). The Court of Appeals summarily affirmed the conviction and sentence. See United States v. Richard Gambaro, Judgment dated September 22, 2005 (per curiam) (unpublished). Gambaro did not seek further review.

Gambaro subsequently filed the instant § 2255 motion to vacate, raising several claims of ineffective assistance of counsel. Specifically, he argues that his counsel: (1) failed to seek a psychiatric examination of Gambaro to support his motion for a downward departure; (2) failed to argue that his sentence, viewed in the light of the sentencing disparity between powder cocaine

---

[1] See Transcript of Sentencing Hearing conducted on July 2, 2002 ["Sent. Tr."] at 24-28. The Court also imposed a fine of $500 plus the costs of supervision on release. Id. at 27-28.

and crack cocaine, violated the International Convention on the Elimination of all forms of Racial Discrimination ("CERD"), Dec. 21, 1965, 660 U.N.T.S. 195 (ratified by the United States June 24, 1994), and the Fifth and Eighth Amendments to the Constitution; and (3) failed to raise a Sixth Amendment Booker claim on appeal. (See Motion to Vacate ¶12A-C; Petitioner's Memorandum of Law in Support ["Pet. Mem."] at 6-15.) The Government has filed an objection to the motion. Thereafter, Gambaro filed a motion for discovery and for the appointment of counsel, which this Court denied.[2] This matter is now ready for decision.[3]

## DISCUSSION

### A. General Principles

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255, ¶ 1.

---

[2] In his discovery motion Gambaro requested (1) a complete copy of the CERD so that he could cite specific provisions of that document in support of his argument concerning the crack cocaine - powder cocaine sentencing disparity, and (2) an appointment of counsel to assist him in this endeavor. This Court's denial was based on the fact that -- putting aside the question whether this discovery request falls within the scope of Rule 6 of the Rules Governing Section 2255 Proceedings -- even if the CERD states what Gambaro asserts it states, the provisions of that document are not self-executing, and their scope is in any event co-extensive with the United States Constitution, as more fully discussed infra.

[3] No hearing is required in connection with any issues raised by Gambaro's motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that the claims in the motion to vacate are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego a hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted). See also Panzardi-Alverez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1978) (no hearing is required where the district judge is thoroughly familiar with the case).

Generally, the grounds justifying relief under §2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-185, 99 S.Ct. 2235 (1979) ("An error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.")(internal quotes omitted).

Moreover, a motion under § 2255 is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" for the default and "actual prejudice" -- or, alternatively, that he is "actually innocent" of the offense for which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). See also Brache v. United States, 165 F.3d 99, 102 (1st Cir. 1999). Claims of ineffective assistance of counsel, however, are not subject to this procedural hurdle. See Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

Ineffective Assistance Claims

Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), a defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate two criteria:

(1) That his counsel's performance "fell below an objective standard of reasonableness;" and,

(2) "[A] reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland, 466 U.S. at 687-88, 694 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are

fanciful, unsupported or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp.2d 276, 279 (D.R.I. 2001), citing Lema v. United States, 987 F.2d 48, 51-52 (1st Cir.1993).

In assessing the adequacy of counsel's performance:

> [T]he court looks to "prevailing professional norms." A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances.

Ramirez v. United States, 17 F.Supp.2d 63, 66 (D.R.I. 1998), quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994) and citing Strickland, 466 U.S. at 688. This means that the defendant must show that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985).

Under the second prong of the Strickland test, a defendant must show actual prejudice. Id. at 693. Where his conviction follows a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. at 371.

With the foregoing principles in mind, the Court reviews Gambaro's claims.

A. Failure to Request Psychiatric Examination

Gambaro first claims that his counsel was ineffective for failing to request that this Court order a psychiatric examination in support of his motion for a downward departure pursuant to U.S.S.G. §§ 5K2.0 and § 5K2.13. Gambaro contends that good reason existed to request such an examination in view of pertinent statements in the PSR and records from the Providence School Department and Camp E-Huntee, an alternate vocational facility.

Counsel's decision whether to call a particular witness, including an expert witness, is a strategic one, requiring a balancing of the benefits and risks of the anticipated testimony. See Lema v. United States, 987 F.2d 48, 54 (1st Cir. 1993). As a tactical decision, it should not be

judged from hindsight, but rather based on what the attorney knew at the time. Strickland, 466 U.S. at 689-690.

Under the Sentencing Guidelines mental conditions are normally discouraged factors for downward departures. See U.S.S.G. § 5G1.3. However, diminished capacity may be a basis for a downward departure, but only if a defendant demonstrates he is suffering from "a significantly reduced mental capacity" and demonstrates that his diminished capacity contributed to the commission of the instant offenses. U.S.S.G. § 5K2.13.[4] A court may not depart if, among other things, the significantly reduced mental capacity was caused by the voluntary use of drugs or the defendant's criminal history indicates a need to incarcerate the defendant in order to protect the public. Id.

Here, the record does not show that Gambaro suffered from "significantly reduced mental capacity" as contemplated by § 5K2.13. The records provided by Gambaro's counsel in support of the motion for downward departure tended to show, among other things, that Gambaro had problems in school, had a low self-esteem and a low IQ, but did not suggest any impairment to understanding the wrongfulness of his behavior or an inability to control his behavior.[5] The PSR

---

[4] "Significantly reduced mental capacity" means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful. U.S.S.G. § 5K2.13, Applic. Note 1 (eff. November 1, 2001).

[5] Indeed, in his statement accepting responsibility, as reported in the PSR, Gambaro wrote:

> . . . No one forced me to do these things I did[,] because I needed the money. I have had a serious drug problem myself since I was approximately 13 years old. I feel sometimes I was put here to suffer but I know that I did the things and it isn't bad luck or poor schooling. I don't think without getting caught that I would have stopped. I am grateful that I never got into a situation of gangs or killings which are real easy to get involved in when you are doing a lot of drugs. I am young and look at trying to put myself back together again for myself and my family.

(PSR ¶13)

also reported that Gambaro denied any history of mental health problems, denied having been in mental health treatment or counseling and denied ever having been suicidal. (PSR ¶ 55.)

In short, contrary to Gambaro's claim, there was nothing to alert a reasonably competent counsel that a psychiatric examination would have assisted in obtaining a downward departure for Gambaro. Thus, counsel was not deficient in failing to call an expert to testify.

Likewise, Gambaro was not shown prejudice. Gambaro does not state what a psychiatric expert would have said that would have caused the outcome of the motion to be different, nor does he point to any psychiatric condition that had been diagnosed. At sentencing this Court noted that Gambaro himself stated he sold drugs because he wanted the money, not because of some significantly reduced mental capacity. (Sent. Tr. at 21.) This Court further noted that diminished capacity was not a ground upon which Gambaro could rely because his extensive criminal history indicated incarceration was needed to protect the public. (Id.)

For all these reasons, Gambaro's first claim fails.

B. Disparity of Sentencing for Cocaine and Cocaine Base

Gambaro further claims that his counsel was deficient because he failed to argue that the 100:1 quantity ratio in the Sentencing Guidelines between potential sentences for crack cocaine offenses and those for powder cocaine offenses is both arbitrary and discriminatory and violates the CERD as well as the Fifth and Eighth Amendments of the United States Constitution. Gambaro contends that this sentencing ratio effectively results in a racial disparity in sentencing, because minorities are more likely to be convicted of crack cocaine offenses and hence receive longer sentences. (See Pet. Mem. at 10-11.)

To the extent Gambaro relies on the CERD, it cannot support his claim. Even assuming arguendo that provisions in the CERD support Gambaro's position, the Congress, in adopting this

Convention, provided that its provisions are not self-executing in this country. See e.g., Johnson v. Quander, 370 F.Supp.2d 79, 101-102 (D.D.C. 2005) (CERD provisions are not self-executing and thus do not authorize a private right of action under the CERD), aff'd 440 F.3d 489 (D.C. Cir.), cert. denied, 127 S.Ct. 103 (2006); United States v. Perez, No.03–02, 2004 WL 935260, at *17 (D.Conn. April 29, 2004) (same); Hayden v. Pataki, No. 00–8586, 2004 WL 1335921, at *7 (S.D.N.Y. June 14, 2004) (same). Moreover, in ratifying the CERD, Congress expressly intended that its provisions apply only to the extent of rights and protections conferred by the United States Constitution. See S. Res. of Advice and Consent to Ratification of the International Convention on the Elimination of All Forms of Racial Discrimination, 103d Cong., 140 Cong. Rec. S7634–02 (daily ed. June 24, 1994) ("Advice and Consent").[6] It follows that, irrespective of its provisions, the CERD cannot confer greater rights than those provided by the Constitution, or invalidate Sentencing Guidelines that are otherwise constitutional.

Gambaro fares no better with his constitutional arguments. As the Government points out, this circuit, along with others, has rejected racial disparity challenges to sentences for cocaine offenses made on Fifth Amendment constitutional grounds. See United States v. Lewis, 40 F.3d 1325, 1344-45 (1st Cir. 1994) (no evidence that the Congressional and Sentencing Commission distinction between crack and powder cocaine was motivated by racial animus in violation of the Fifth Amendment's Equal Protection Clause); United States v. Singleterry, 29 F.3d 733, 740-41 (1st Cir. 1994) (same). See also United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir. 1994) (same); United States v. Angulo-Lopez, 7 F.3d 1506, 1509 (10th Cir. 1993)

---

[6] One pertinent Congressional declaration may be found at para. IV of the Senate Resolution: ''Nothing in this Convention requires or authorizes legislation, or other action by the United States of America prohibited by the Constitution of the United states as interpreted by the United States.'' Advice and Consent at para. IV (daily ed. June 24, 1994).

(same); United States v. Frazier, 981 F.2d 92, 95 (3d Cir. 1992) (same). Eighth Amendment challenges to crack cocaine sentences have likewise been rejected. See United States v. Graciani, 61 F.3d 70, 76 (1st Cir. 1995); United States v. Buchanan, 70 F.3d 818, 829 n.10 (5th Cir. 1996); Frazier, 981 F.2d at 95-96.

In addition, the Court of Appeals has recently held that imposing a diminished sentence solely on the 100:1 ratio constituted reversible error absent direction from the Sentencing Commission or Congress. See United States v. Pho, 433 F.3d 53, 64-65 (1st Cir. 2006) (a district court may not impose a sentence outside of the advisory Sentencing Guidelines based solely upon the disparate sentencing treatment of offenses involving crack cocaine and powder cocaine) (effectively abrogating United States v. Perry, 389 F.Supp.2d 278 (D.R.I. 2005), on which Gambaro relies).

In short, because Gambaro's sentencing disparity claim runs contrary to the law of this circuit, counsel's failure to advance such a claim cannot be considered deficient conduct. See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999)("failure to pursue a futile tactic does not amount to constitutional ineffectiveness").

C. Booker Claim

Gambaro further claims that counsel – presumably referring to his appellate counsel -- was constitutionally ineffective for failing to argue on direct appeal that the Booker errors in his case were structural in nature, requiring automatic reversal of his sentence.

This claim also fails. Gambaro does not specify what the alleged "constitutional errors" were. To the extent he refers to the disparity in treatment under the Guidelines between powder cocaine and crack cocaine, there was no error, as discussed herein. To the extent he alleges any Booker error, there was no violation, as his sentence was based on the amount of cocaine base he

sold, to which he admitted, and his criminal history, the accuracy of which he did not contest. See Booker, 125 S.Ct. at 756 (facts other than a prior conviction which increases the maximum applicable sentence must be admitted by the defendant or proved to a jury beyond a reasonable doubt).

Thus, because Gambaro has shown no Booker or other constitutional error, counsel's failure to argue that the Booker errors were structural cannot be considered deficient conduct. See Vieux,184 F.3d at 64.

The Court has reviewed Gambaro's other arguments and finds them to be without merit.

CONCLUSION

In view of the foregoing considerations, the instant motion to vacate sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED and dismissed.

So Ordered:

Mary M. Lisi
Chief United States District Judge
August 2 , 2007